# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CLORIS BANKS TORREY,  )
                                         )
        Plaintiff,             )
                                         )
      v.                               )         No. 4:13CV1611 CEJ
                                         )
JP MORGAN CHASE BANK, et al.,    )
                                         )
        Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, Cloris Banks Torrey, a resident of 9422 Westchester Drive, St. Louis, Missouri, 63136, brings this action against defendants for "violations of plaintiff's fundamental rights to due process." Named as defendants in this action are two corporate entities, JP Morgan Chase Bank and EMC Mortgage, LLC, and four attorneys, James R. Wyrsch, David P. Stoebel, Tina Babel and Lauren M. Wacker.

Plaintiff alleges that defendants "created a political conflict of interest in the lower courts to poison the well and to deny plaintiff access to the justice system, under color of law void of due process." She claims, broadly, that defendants have interfered with her "fundamental rights" and have acted in violation of "TILA" disclosures, as well as in violation of their responsibilities to the Missouri Insurance Commissioner. Plaintiff also alleges that the defendants have acted wrongfully in attempting to:

> collect a debt not owed to a securitization Trust, without proper documentation or in state nexus agreement co-trustee appointment to Deed of Trust, claims perfected interest in plaintiff's property located at Westchester Drive St. Louis, Missouri, 63136 due to the problem has caused plaintiff's Deed of Trust to be recorded out of sequence in violation of establish[ed] law. . .

In her request for relief, plaintiff seeks to have this Court declare defendants' actions "in violation of plaintiff's secured fundamental rights under the bill of rights" and "that [d]efendant EMC Mortgage LLC (one of same entity) that JP Morgan Chase as Trustee and beneficiary of a securitization trust had no security or other interest in

the subject property refinanced by plaintiff on August 14, 1995." Plaintiff also seeks attorneys' fees and costs.[1]

**Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." While plaintiff states generally that she is seeking to vindicate her due process rights, she does not specify a federal statute or constitutional provision on which her lawsuit is based.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain

---

[1]The plaintiff has a pending lawsuit against these same defendants in the St. Louis County Circuit Court that is based on the same or similar allegations. See Torrey v. JP Morgan Chase, et al., Case No. 13SL-CC02395. Plaintiff brought a prior case against defendants in the St. Louis County Circuit Court which she voluntarily dismissed on January 16, 2013. See Torrey v. American Equity Mortgage, 12SL-CC04119. The defendant attorneys in this action appear to be the attorneys who represented, or are currently representing, the defendant banks in the state court actions. Plaintiff is warned that the Court has an obligation to dismiss lawsuits that it deems malicious or those actions that are brought for an improper purpose. A complaint may be dismissed as malicious where it "was not to rectify any cognizable harm, but only to harass and disparage" a defendant. Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious).

"short and plain statement" of claims); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited sue far as practicable to a single set of circumstances"). Although the complaint must be accorded the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged.

Thus, plaintiff is required to set out in a simple, concise, and direct manner, all of her claims against defendants, as well as the facts supporting each claim. Because plaintiff has failed to do so in her original complaint, the Court is unable to determine if her complaint as it now stands is legally frivolous or fails to state a claim upon which relief may be granted.[2]

Taking into consideration the plaintiff's pro se status, the Court will give her the opportunity to file an amended complaint. The amended complaint shall be typed or legibly hand-written on the court-provided form for filing a civil complaint, in accordance with the instructions set forth here. In the "Caption" of the amended complaint, plaintiff must include the name of each defendant she wishes to sue; in the

---

[2]For example, plaintiff states in a conclusory fashion that defendants have interfered with her "fundamental rights" and have acted in violation of "TILA" disclosures, as well as in violation of their responsibilities to the Missouri Insurance Commissioner. These broad allegations are not in compliance with the pleading standards set forth in Rules 8 and 10, nor do they state plausible claims for relief under Iqbal. They are merely recitations of legal conclusions and are completely devoid of any factual assertions.

"Statement of Claim" section, plaintiff must set out specific facts relative to her claims against each defendant in a simple, concise, and direct manner. Plaintiff risks dismissal of the instant action if she fails to comply with these instructions.

Plaintiff is advised that her amended complaint will supersede the original complaint and will be the only complaint this Court reviews. The amended complaint will replace the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Because the plaintiff is being given the opportunity to amend her complaint, no action will be taken at this time with respect to the defendants named in the original complaint.

If plaintiff does not file an amended complaint by the deadline set forth below, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **October 11, 2013**, to file an amended complaint on a court-provided form in compliance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if no amended complaint is filed by the above deadline, this action will be dismissed without further notice to plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a civil complaint form to plaintiff along with a copy of this Order.

Dated this 9th day of September, 2013.

/s/ Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE