UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLORIS BANKS TORREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1611 CEJ |
| | ) | |
| JP MORGAN CHASE BANK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff=s submission of her amended complaint. The Court has reviewed plaintiff=s amended complaint and the record before it in its entirety, and after taking judicial notice of plaintiff's state court action, see Torrey v. JP Morgan, Case No. 13SL-CC02395 (St. Louis County, Missouri), the Court will dismiss this case pursuant to 28 U.S.C. ' 1915(e)(2)(B), on the basis of res judicata.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Amended Complaint**

Plaintiff, Cloris Banks Torrey, a resident of St. Louis, Missouri, filed this action on August 19, 2013, against numerous defendants for "violations of plaintiff's fundamental rights to due process." Plaintiff asserts throughout the numerous filings in this case that she maintains a property interest in a house located at 9422 Westchester Drive, St. Louis, Missouri, 63136.

Named as defendants in this action are four corporate entities: JP Morgan Chase Bank N.A. as Trustee for Bear Stearns Backed Certificates; JP Morgan Chase Bank as a Loan Servicer; EMC Mortgage, LLC; and the Bank of New York Mellon in its Capacity as a Successor Trustee.

Plaintiff seeks to have this Court declare defendants' actions relating to the property on Westchester Drive in violation of plaintiff's due process rights. She alleges that defendants have

engaged in an unlawful "taking" of her property without "following the process mandated by state and federal laws."

In mostly conclusory pleadings, plaintiff seeks relief for alleged violations of the following federal statutes: Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq., Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. In addition, plaintiff asserts state-law claims for: "lack of standing," "wrongful foreclosure," "quiet title," "slander of title," "fraudulent inducement," and an "accounting."

She states that an entity she refers to as "PHH" is the "nominee and/or beneficiary under the deed of trust." Plaintiff further states that, after undergoing surgery in June 2010, she found it difficult to keep up with her bills, and she ultimately fell four months behind on her mortgage note. Plaintiff alleges that approximately two years later, in March 2012, she sent a monthly mortgage check to PHH, but the check was returned because it did not include all of the late payments or the assessed late fees. Plaintiff complains that myriad expenses were added to the amount owed, including fees for an attorney, title updates, mailing, property inspection, trustee, and publications. Plaintiff states that "in violation of good faith and fair dealing, defendant consistently placed the amount due just outside the reach of plaintiff to make [the] mortgage current."

Plaintiff filed for bankruptcy protection on August 2, 2012. On October 18, 2012, the bankruptcy court granted a motion to remove the automatic stay. Plaintiff states that she was advised she could contact the mortgage company to find out the amount due on her mortgage, but when she did, she was told her house was scheduled to be sold on October 19, 2012. Plaintiff alleges that she did not receive a notice of default or notice of trustee sale relative to the

October 19th sale, which apparently never took place. Plaintiff states that she subsequently received a letter from one of the defendant's attorneys, stating that she owed $6,000 in past-due mortgage payments and $4,123.03 in fees.

Plaintiff states that on October 26, 2012, she "had a mortgage assessment of her mortgage documents by her legal advisor . . . and found discrepancy and non-disclosure of the required documents by federal law that requires a disclosure of financial documents and not disclosed to [her]." Plaintiff alleges that there is a "Notice of Trustee's Sale" which states that her home will be sold at public auction to the highest bidder, but "none of these alleged beneficiaries or representatives of the beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure on November 19, 2012." Plaintiff claims that the sale of her home would violate Missouri law, because "the Trustee was not in possession of the original Note, [and] the Note when it was assigned to the current beneficiary did not convey the power of sale because it violated the terms of that the assignment when it was made to the current that [sic] the Note executed by Plaintiff was no longer a negotiable instrument because the assignment was not physically applied to the Note."

Plaintiff seeks monetary damages and injunctive relief in this action against defendants. Plaintiff also seeks attorneys' fees and costs although she is at this time representing herself pro se.

**Discussion**

Plaintiff's pro se amended complaint, and numerous supplements to her complaint, are long and rambling and often times incoherent. However, a thorough review of the record and Missouri Case.Net at https://www.courts.mo.gov/casenet/cases/searchDockets/ has revealed that plaintiff has attempted to litigate this matter on several fronts, to no avail. Most recently, plaintiff filed an action in St. Louis County against the same four defendants in the present

4

action. See Torrey v. JP Morgan, Case No. 13SL-CC02395 (St. Louis County, Missouri).

In that case, plaintiff alleged that defendants had no right to foreclose upon her property at 9422 Westchester Drive and no right to collect upon the mortgage. She asserted four causes of action against defendants: (1) set aside the wrongful foreclosure; (2) quiet title; (3) slander of title; (4) violation of the Fair Debt Collection Practices Act. Upon defendants' motion to dismiss plaintiff's complaint, the state court found, upon reviewing the documents attached to plaintiff's second amended complaint, that plaintiff's own admissions in her pleading and the documents attached to her pleading refuted her legal claims. Moreover, there were no facts alleged in the complaint that supported any of the four causes of action. Specifically, plaintiff had included no facts in her complaint showing that defendants had no right to foreclose upon the property. Indeed, the state court found that plaintiff's documents "appeared to establish a chain of assignments of the mortgage encumbering the property from the original lender to defendant." Additionally, the court found that plaintiff admitted "that she defaulted on the loan;" thus, she "failed to state an essential element for a claim of wrongful foreclosure." The state court dismissed plaintiff's lawsuit with prejudice on March 13, 2014.

The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action." Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir.1982). In order for a claim to be precluded under the doctrine of res judicata, the following five elements must be satisfied: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); (4) both suits are based upon the same claims or causes of action; and (5) the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect. Rutherford v. Kessel, 560 F.3d 874,

877 (8th Cir.2009).

The doctrine of res judicata applies in this case. The final judgment in plaintiff's previous case against defendants was on the merits, and the court had jurisdiction to adjudicate the claims. See Torrey v. JP Morgan, Case No. 13SL-CC02395 (St. Louis County, Missouri). The prior suit involved the same parties that are involved in the instant case. Additionally, both suits are based upon the same claims or causes of action. The issue plaintiff seeks to adjudicate in the present quiet title action concerns the ownership of the very same property. Plaintiff attempted to claim her rightful ownership of the same parcel of property in her previous state-court suit. Both suits contest the foreclosure of the property, thus the suits arise out of the same nucleus of operative facts and res judicata is applicable. See Rutherford, 560 F.3d at 877. Finally, plaintiff had a full and fair opportunity to litigate her claims in the first suit.

In fact, plaintiff brought an even earlier action, Torrey v. American Equity Mortgage, No. 12SL-CC04119, in which she made allegations that were substantially similar to those she makes in this case and in the second state-court action and which also named the same defendants. That case was dismissed without prejudice on March 26, 2013. Because all of the elements of res judicata are satisfied by the dismissal of Torrey v. JP Morgan, Case No. 13SL-CC02395, with prejudice, the doctrine precludes plaintiff's current action against defendants.

To the extent that plaintiff is seeking to have this Court void or overturn the state court's decision, this Court lacks jurisdiction to do so. Postma v. First Fed.Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may only be had in the Supreme Court." Id.

Moreover, plaintiff's conclusory allegations that defendants violated federal banking and credit laws during the foreclosure process cannot sustain a claim for relief. These claims were extinguished by the doctrine of res judicata, as the state-court action was dismissed with

6

prejudice. See, e.g., Misischia v. St. John's Mercy Health Systems, 457 F.3d 800, 804 (8th Cir. 2006) ("a prior judgment bars a subsequent claim arising out of the same group of operative facts even though additional or different evidence or legal theories might be advanced to support the subsequent claim"). Plaintiff raised her Fair Debt Collection Act claim in the state-court action, and she could have raised any of the other federal claims in the prior action if she had so chosen.

Additionally, plaintiff's remaining allegations relative to violations of RESPA, ECOA, FCRA, TILA and HOEPA fail to allege sufficient facts to state a claim or cause of action for a violation of her rights under the aforementioned federal statutes.[1] Her allegations are both conclusory and unsupported by sufficient facts, and they are riddled with disjointed legal jargon, followed by unrelated and general references to one of the aforementioned federal statutes.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2) (complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the Court is to give the complaint the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. In the instant case, plaintiff has failed to set forth, in a simple, concise, and direct manner as to each of the named defendants, the specific factual allegations supporting each of her RESPA, ECOA,

---

[1] Plaintiff's allegations regarding GLBA and HDMA violations are also subject to dismissal for failure to state a claim, because there is no private right of action under either statute. See Wood v. Greenberry Financial Services, Inc., 2012 WL 5381817 (D.Haw. 2012) (citations omitted) (GLBA); 15 U.S.C. ' 6805(a); Hewett v. Shapiro & Ingle LLP, 2011 WL 4550139 (M.D.N.C. 2011) (HMDA); 12 U.S.C. ' 2804.

FCRA, and HOEPA claims. As such, the Court will dismiss these federal claims pursuant to ' 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint, because the amended complaint is legally frivolous and fails to state a claim upon which relief can be granted. See 28 U.S.C. ' 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions are denied.

Dated this 24th day of April, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE